## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

**KEVIN C. ELDERS**                                                                  **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 2:06cv211-MTP**

**RONALD KING, ET AL.**                                                           **DEFENDANTS**

### OPINION AND ORDER

This matter is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2).[1] Having reviewed the complaint and the applicable law, and having considered Plaintiff's testimony given at his *Spears*[2] hearing, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff Kevin C. Elders filed his civil rights Complaint [1] pursuant to 42 U.S.C. § 1983 on September 15, 2006. At the time Plaintiff filed his Complaint, he was incarcerated in the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, serving a one-hundred-year sentence after having been convicted of armed robbery, burglary, and sexual battery in Madison County, Mississippi.[3] Plaintiff named Ronald King and Sherman Walley as defendants in this matter.

In his complaint, Plaintiff alleges due process violations and cruel and unusual punishment. Specifically, Plaintiff alleges that on November 11, 2005, he was issued a Rule

---

[1] Plaintiff is proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on August 22, 2008.

[3] Plaintiff is now incarcerated in the Mississippi State Penitentiary in Parchman.

Violation Report, # 533102 (hereinafter the RVR), for violating Rule 2, which prohibits fighting with another inmate except in self-defense.  On December 14, 2005, Defendant Sherman Walley, Disciplinary Hearing Officer, conducted a disciplinary hearing for the RVR, and Plaintiff was found guilty.  As a result, Plaintiff was placed in administrative segregation, he was denied certain privileges, and he was reclassified from B to D custody.

Plaintiff alleges several due process violations in connection with his disciplinary hearing.  He claims that Sherman Walley conducted the disciplinary hearing without him being present; that Defendant Walley tampered with the RVR paperwork; and that he heard a "voided" RVR.  He also claims Defendant Walley incorrectly stated that the disciplinary hearing was delayed for twenty-five days because Plaintiff was in the hospital.  Finally, he claims that his witness was not allowed to testify at the hearing.

Plaintiff filed a request for Administrative Remedy through the Administrative Remedy Program ("ARP"), claiming that he had improperly been found guilty of the RVR.  Plaintiff was denied relief in the First Step and proceeded to the Second Step.  In the Second Step of the ARP, Ronald King denied Plaintiff relief.  Plaintiff proceeded to the Third Step and was granted relief.  As reflected in the Third Step Response Form, Commissioner Christopher Epps found that although all due process requirements and applicable policies and procedures were met during the disciplinary hearing, Plaintiff was entitled to have the RVR expunged from his record.  *See* Complaint [1] at 9-10.

Plaintiff claims that Ronald King failed to conduct a complete and thorough investigation of his grievance during the Second Step of the ARP.  He claims that he could have gotten the RVR expunged during the Second Step had Mr. King conducted a proper investigation.

Plaintiff seeks compensatory and punitive damages for pain and suffering.  He also requests that his disciplinary conviction of "guilty" be overturned, and that his RVR be dismissed

2

and expunged from his record. Finally, he seeks release from administrative segregation, or for transfer to another facility, and the restoration of all privileges.[4]

ANALYSIS

Because Plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or

---

[4]The court recognizes that the *Heck* doctrine does not bar Plaintiff from seeking damages since his RVR was expunged. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (stating that in order for a Section 1983 plaintiff to recover damages for alleged unconstitutional conviction or sentence, such conviction or sentence must have been previously invalidated); *see also Edwards v. Balisok*, 520 U.S. 641 (1997) (holding that *Heck* applies to prisoners' claims regarding the validity of disciplinary proceedings).

However, it appears that Plaintiff's requests for injunctive relief are now moot. By his own admission, Plaintiff was ultimately granted relief for his grievance during the Third Step of the ARP, and his RVR was expunged. *See* Complaint [1] at 9. Further, Plaintiff has been transferred to another facility, Parchman, since filing his complaint. *See* Change of Address [21].

3

immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Plaintiff has failed to allege a restraint which imposed an atypical and significant hardship in relation to the ordinary incidents of prison life. Plaintiff alleged that he was placed in administrative segregation, he was denied certain privileges, and he was reclassified from B to D custody. "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Hurns v. Parker*, 165 F.3d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998). Moreover, Plaintiff has no protected liberty interest in his security classification, and has no right to facility privileges. *See Wilkerson v. Stadler*, 329 F.3d 431, 435-36 (5th Cir. 2003) (stating that the Fifth Circuit "has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"); *Wilson v. Bundy*, 976 F.2d 957, 958 (5th Cir. 1992) (citing *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988)) ("A prison inmate does not have a protectable liberty or property interest in his custodial classification."); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997); *Williams v. Geo Group, Inc.*, No. 4:08cv67-HTW-LRA, 2008 WL 2724889, at *1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an 'atypical and significant hardship' of prison life."). Accordingly, Plaintiff's allegations regarding administrative segregation, reclassification, and the denial of privileges fail to amount to a constitutional violation.

Moreover, Plaintiff does not have a constitutional right to a grievance procedure, and has

no due process liberty interest right to having his grievance resolved to his satisfaction.  *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, No. H-06-1119, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007); *see also Hoye v. Nelson*, No. 4:07cv044-M-B, 2007 WL 1321964, at *1 (N.D. Miss. May 3, 2007) (internal citations and quotations omitted) (stating that the Constitution does not demand "error-free" decision making).  Further, even if the Defendants did violate MDOC policies and procedures, such conduct fails to rise to the level of a constitutional violation.  *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*; McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007).  Accordingly, Plaintiff's claim that Ronald King failed to adequately investigate his grievance and grant him relief during the second step of the ARP fails to state a claim upon which relief may be granted.  *See Dehghani v. Vogelgesang*, 226 Fed. Appx. 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. Appx. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, No. 5:05cv85-DCB-JCS, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation).

 Finally, Plaintiff's due process claims against Sherman Walley relating to his disciplinary hearing fail as a matter of law.  *See McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007) (internal citations and quotations omitted) (dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915, where plaintiff claimed that he was innocent of the charges in the RVR, his disciplinary hearing was delayed, and that the report reflected the incorrect date and time that he received a copy of the report; the court stated that a "prison official's failure to follow the prison's own policies, procedures or regulations does not

constitute a violation of due process, if constitutional minima are nevertheless met"); *Hoye*, 2007 WL 1321964, at *1 (dismissing plaintiff's claim regarding a "false RVR" *sua sponte,* reasoning that plaintiff's allegation did not constitute a constitutional violation).

## CONCLUSION

For the reasons stated above, Plaintiff's claims are dismissed with prejudice.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED AND ADJUDGED this the 26th day of August, 2008.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge